PINILISHALPERN, LLP
Gabriel H. Halpern, Esq.
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Co-Counsel - Attorney for Plaintiffs
File No. 11039

WILLIAM H. OLIVER, JR., ESQ.
Brandywine Commons
2240 State Highway 33, Suite 112
Post Office Box 667
Neptune, NJ 07753
Tel: (732) 988-1500
Fax: (732)775-7404
Co-Counsel - Attorney for Plaintiffs

---

In re,
SEAN MICHAEL O'BRIEN and
NICOLE MARIE O'BRIEN,

Debtors.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

CHAPTER 13 BANKRUPTCY
Case Number: 03-17448

---

SEAN MICHAEL O'BRIEN and
NICOLE MARIE O'BRIEN,

Plaintiffs,

vs.

FREDERICK CLEVELAND;
CLEVELAND DEVELOPMENT LLC;
WILLIAM E. GANWYLER JR., ESQ.;
and CHASE BANK USA N.A.,

Defendants.

ADVERSARY NO.

**COMPLAINT**

1. Common Law Fraud and Conspiracy to Defraud.

2. Violation of Consumer Laws NJSA 56:8-1 et. seq.

3. Conversion and Conspiracy to Commit Conversion.

4. Violation of Truth in Lending Act.

5. Violation of NJ Homeowners Security Act of 2002 and New Jersey Predatory Lending Statute.

6. Violation of Homeowner and Equity Protection Act 15 U.S.C. 1639 et al.

7. Breach of Contract.

8. Legal Malpractice v. William E. Gahwyler, Jr., Esq.

9. Breach of Fiduciary Duty.

Plaintiffs, Sean and Nicole O'Brien, by and through their counsel, Gabriel H. Halpern, Esq. of PinilisHalpern, LLP, and William H. Oliver, Jr., Esq. complains of the Defendants as follows:

<u>JUDICIAL STATEMENT</u>

The United States Bankruptcy Court has jurisdiction over the subject matter of the within adversary proceeding pursuant to 28 USC Section 157 and 1334. Venue is proper under 28 USC Section 1409.

<u>PARTIES</u>

1. Plaintiffs, Sean and Nicole O'Brien ("Plaintiffs or "The O'Briens"), are a married couple residing at 26 Langevold Drive, Freehold, New Jersey.

2. Defendant, Frederick Cleveland ("Frederick Cleveland"), is an individual residing at 28 Church Street, Lodi, New Jersey.

3. Defendant Cleveland Development, LLC, is a New Jersey limited liability company with a business address of 28 Church Street, Lodi, New Jersey

4. Defendant William E. Ganwyler, Jr., Esq. is an attorney with offices at 150 Clove Road, Second Floor, Little Falls, New Jersey 07424.

5. Defendant Chase Bank USA N.A., is a bank located at 300 Tice Blvd, Woodcliff Lake, New Jersey.

<u>FACTUAL BACKGROUND</u>

6. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

7. In or around early 2007, Plaintiffs, a married couple, began experiencing significant financial difficulties. These financial problems made it impossible for Plaintiffs to meet their financial obligations. As a result, Plaintiffs were

unable to make all of the requisite mortgage payments on their home located at 26 Langevold Drive, Freehold, New Jersey. (the "Home").

8. Consequently, in an effort to refinance the Home so as to bring current the mortgage, Plaintiffs began looking for a new mortgage.

9. In an effort to find a new mortgage, Plaintiffs were directed to contact Frederick Cleveland. Frederick Cleveland is the President of Cleveland Development, LLC.

10. Frederick Cleveland assured the Plaintiffs that he could help them "save their home". Frederick Cleveland informed Plaintiffs that he engaged in "creative transactions" specifically tailored and designed to help people in desperate and precarious positions, such as that in which Plaintiffs found themselves at the time.

11. Frederick Cleveland explained that he would arrange for a new mortgage on the Home. Specifically, Frederick Cleveland elaborated that he would personally purchase Plaintiffs home, and then lease the Home back to Plaintiffs so that they may continue to reside there.

12. Frederick Cleveland purchased the Plaintiffs home for $555,232. The Plaintiffs entered into a lease buyback agreement with Frederick Cleveland which required them to pay $5,000 a month in rent to remain in the Home and allowed them to "buyback" the property within the next two years at a price of $650,483.83.

13. Upon the sale of the home, the Plaintiffs received $15,000 from Frederick Cleveland. Also, pursuant to the agreement, Frederick Cleveland was

required to pay up to $46,000 if the Plaintiffs filed for Chapter 13 Bankruptcy prior to July 30th, 2007.

14. Plaintiffs had filed a Chapter 13 Bankruptcy and the case was pending at the time the transactions complained about and proscribed occurred.

15. In order to obtain the mortgage and purchase the Plaintiffs home, Frederick Cleveland represented the contract sales price on the home at $808,000. In reality, the sales price of the home was $555,232.

16. As a result of this misrepresentation, Frederick Cleveland was permitted to borrow $646,400 on the home. Therefore, Frederick Cleveland stripped roughly $100,000 in equity out of the home that he purchased for $555,232.

17. Frederick Cleveland was represented throughout this process by William E. Gahwyler, Jr.  Mr. Gahwyler was listed as the settlement agent on the HUD and notarized the contract between the Plaintiff and Frederick Cleveland regarding the bankruptcy payments.

18. Chase Bank was the lender of the mortgage for $646,400 on the home which sold for $555,232.

19. Plaintiffs have been paying the $5,000 a month "rental" payment for their home.  Frederick Cleveland's mortgage payment is $4,600 a month.

20. Although Frederick Cleveland promised to be "saving their home", Frederick Cleveland's clear plan all along was to convert the Plaintiff's equity in the home to himself by paying off the Plaintiff's old mortgage. This "mortgage foreclosure rescue scam" perpetrated by the Defendants was designed to steal the equity out of the Plaintiffs home.

## FIRST COUNT
### (For Common Law Fraud and Conspiracy to Defraud)

21. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

22. When Defendants made, and conspired with one another to make, the misrepresentations and omissions referred to in the preceding paragraphs, the Defendants knew or in the absence of gross recklessness should have known, that those representations were false, and/or omissions were material, and that the aforesaid misrepresentations and omissions were made and the material facts were omitted for the purpose of inducing Plaintiffs to enter into the aforementioned transaction to sell the Home to Frederick Cleveland.

23. The conduct of the Defendants aforesaid was willful, malicious, and done with the intent to defraud and deceive.

24. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## SECOND COUNT
### (For Violations of the Consumer Fraud Act)

25. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

26. In connection with the sale of merchandise, the Defendants directed and employed unconscionable commercial practices, deceptions, false pretenses, false promises, and/or misrepresentations in violation of the Consumer Fraud Act.

27. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## THIRD COUNT
### (For Conversion and Conspiracy to Commit Conversion)

28. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

29. As set forth in the preceding paragraphs, Defendants, in concert with one another, improperly and illegally converted and/or conspired to convert the equity interest in the Home belonging to Plaintiffs.

30. The Defendants' actions aforesaid were willful, malicious, and intentional.

31. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## FOURTH COUNT
### (For a Violation of the Truth In Lending Act)

32. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

33. As set forth more specifically in the preceding paragraphs, because the transaction described above constitutes an "equitable loan," the actions of the Defendants constitute a violation of the Federal Truth in Lending Act (15 U.S.C. §1602, et al.).

34. Specifically, the transaction facilitating the transfer of title of the Home from Plaintiffs to Frederick Cleveland is disguised as a sale, but in actuality constitutes a loan transaction. The aforementioned transaction was

specifically disguised as a subterfuge with the intent of evading the provisions of the Truth In Lending Act.

35. Furthermore, Defendants represented the contract sales price as $808,000 when, in reality, the home was sold for $555,232.

36. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

FIFTH COUNT

(For Violations of the New Jersey Home Ownership Security Act of 2002, New Jersey's Anti-Predatory Lending Statute)

37. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

38. As set forth more specifically in the preceding paragraphs, the loan described above constitutes an "equitable loan," and the actions of the Defendants constitute a violation of the New Jersey Home Ownership Security Act (N.J.S.A. 46:10b-27).

39. Specifically, the transaction facilitating the transfer of title of the Home from Plaintiffs to Frederick Cleveland is disguised as a sale, but in actuality constitutes a loan transaction. The aforementioned transaction was specifically disguised as a subterfuge with the intent of evading the provisions of the New Jersey Ownership Security Act.

40. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## SIXTH COUNT
### (For Violation of the Home Owner and Equity Protection Act)

41. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

42. As set forth more specifically in the preceding paragraphs, the loan described above constitutes an "equitable loan," and the actions of the Defendants constitute a violation of the Home Ownership and Equity Protection Act (15 U.S.C. §1639, et al).

43. Specifically, the transaction facilitating the transfer of title of the Home from Plaintiffs to Frederick Cleveland is disguised as a sale, but in actuality constitutes a loan transaction. The aforementioned transaction was specifically disguised as a subterfuge with the intent of evading the provisions of the Home Ownership and Equity Protection Act.

44. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## SEVENTH COUNT
### (For Breach of Contract)

45. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

46. Defendants entered into a contract with Plaintiffs.

47. Defendants breached the terms of the contract.

48. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## EIGHTH COUNT
### (For Legal Malpractice Against William E. Gahwyler, Jr.)

49. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

50. As the attorney representing Frederick Cleveland and as the settlement agent for the mortgage, Defendant William E. Gahwyler, Jr. breached the attendant standard of care due to a third party, committed conspiracy to defraud, and at the very least was negligent in his representation, and thereby engaged in professional malpractice (legal).

51. As a result of William E. Gahwyler's breach of the standard of care, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

## NINTH COUNT
### (For Breach of Fiduciary Duty)

52. Plaintiffs repeat the foregoing paragraphs as if set forth at length herein.

53. Defendants owed Plaintiffs a fiduciary duty.

54. Defendants breached the fiduciary duty owed by them to Plaintiffs.

55. As a direct and proximate result of the Defendants' actions aforesaid, and more specifically detailed in the preceding paragraphs, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs, Sean and Nicole O'Brien, demands judgment against the Defendants, individually, jointly, severally and in the alternative:

    a.  Rescission of the sale transaction between Plaintiffs and Frederick Cleveland;

    b.  Rescission of the mortgage security interest on the real property described as 26 Langeveld Drive, Freehold, New Jersey;

    c.   Restraints precluding Defendants from transferring, conveying, or disposing of the property in any manner;

    d.   Court order allowing Plaintiffs to pay the $4,600 mortgage payment directly to mortgage holder, Chase Bank, without prejudice;

    e.   Compensatory damages trebled;

    f.   Punitive damages;

    g.   Attorney's fees and costs of suit;

    h.   Injunctive and equitable relief; and

    i.   Such other relief as the Court deems just.

Date:  June 26, 2008          By: /s/ Gabriel H. Halpern
                           Gabriel H. Halpern


## DESIGNATION OF TRIAL COUNSEL

Gabriel H. Halpern, Esq. is hereby designated as trial counsel for Plaintiffs, Sean and Nicole O'Brien, in this matter.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Plaintiff hereby demands discovery of any and all insurance agreements or policies which may be available to satisfy part of any judgment rendered in this matter against any party in favor of Plaintiff.  For each insurance agreement or policy available to each party, please provide the following:  (A) The name of the insurance company; (B) The named insured; (C) The names of any additional insured; (D) The policy period; and (E) The limits of coverage.  Please produce this information within thirty days.

Date:  June 26, 2008          By: /s/ Gabriel H. Halpern
                           Gabriel H. Halpern

<u>CERTIFICATION OF NOTICE PURSUANT TO N.J.S.A. 56:8-20</u>

Pursuant to N.J.S.A. 56:8-20, simultaneous with its filing, a copy of the within pleading is being furnished upon the Office of the Attorney General of the State of New Jersey, CN 080, Trenton, New Jersey 08625.

Date:  June 26, 2008                    By: <u>/s/ Gabriel H. Halpern</u>
                                             Gabriel H. Halpern